**U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** | ) Case No.: 21cr-260-APM |
| **vs.** | ) |
| **ROBERTO MINUTA** | ) |

**UNOPPOSED MOTION TO ENLARGE TIME FOR FILING MOTIONS**

**FOR 30 DAYS**

Roberto Minurta , by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure and the United States Constitution, for leave a 30 day extension on the motion deadline in this matter.  In support of this motion, counsel states the following:

1.  Mr. Minuta  is before this Court, pending trial in this matter.  He was indicted in the first superseding indictment.

2. At the last status hearing, the Court granted the government's motion in part for an exclusion of Speedy Trial time and set a July 1, 2021 deadline for pretrial motions in this matter.

3. For medical reasons, counsel is currently limited to 30 hours a week.

4. Until this morning, counsel had pretrial motions also due  on or before July 1, 2021in a RICO case in the District of Maryland.  That other deadline was lifted this morning so counsel is shifting focus to this case but given the volume of discovery in this matter, counsel's limited hours and deadlines in other matters before July 1,  as well as the complex factual and legal

1

issues flagged so far in this matter, counsel will be able to file some but definitely not all motions on or before July1.  Therefore, counsel is requesting an additional 30 days to file additional pretrial motions.  Defense counsel have been meeting and communicating regularly about common legal issues so counsel will certainly be joining with many motions filed by other counsel.

6. In *Ungar v. Sarafite,* 376 U.S. 575, 589 (1964), the Supreme Court stated that:

> Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's *Sixth Amendment* right to counsel. See *Chambers v. Maroney, 399 U.S. 42, 53-54 (1970).*Trial judges necessarily require a great deal of latitude in scheduling trials.  Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons.  Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel.

7. Counsel contacted Kathryn Rakoczy, one of the Assistant United States Attorney currently assigned to this matter.  Ms. Rakoczy indicated that the government does not oppose this motion. Counsel also contacted defense counsel for all parties with counsel in this matter for their positions on this motion.  No counsel indicated any opposition. Carmen  Hernandez, Counsel for **DONOVAN CROWL, and** David Fischer, counsel for **THOMAS EDWARD CALDWELl,** both join in a request for additional time for filing motions their clients.

8. Undersigned counsel indicated when contacting all parties that she was not thinking this request would  prejudice anyone since we don't have a date yet to hear motions and that counsel was assuming given the factual and legal issues as well as the large number of defendants and counsel and continued issues related to the pandemic, that a motion hearing date won't be scheduled until a date much later this year or until next year.  Either way, undersigned counsel is endevouring to file motions as quickly as possible and thinks she will have most motions filed by July 1 but cannot fathom being done by that time with all the necessary factual review, legal research, and motion drafting.  Furthermore undersigned counsel does expect to be in a position

to schedule motions and trial date at the next status date and expects this request not to prejudice scheduling going forward.

>Respectfully submitted.
>**ROBERTO MINUTA**
>By and through counsel,
>
>*/s/ Jenifer Wicks*
>
>_____
>JENIFER WICKS
>DC Bar 465476
>Blind Justice Legal Services
>PO Box 60585
>Washington, DC 20039
>Telephone 202-839-5102
>Facsimile 202-478-0867
>Email Jenifer@BlindJusticeDC.org