UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERTO A. MINUTA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Criminal No. 21-28-11 (APM)<br>)<br>)<br>)<br>) |

**ORDER**

Defendant Roberto Minuta, without opposition from the United States, asks to seal his Motion to Dismiss in its entirety. *See* Consent Mot. to File Mot. to Dismiss Under Seal, ECF No. 379 [hereinafter Def.'s Mot.]. In determining whether a sealing request overcomes the presumption of public access to court proceedings, the court must apply the six factors announced in *United States v. Hubbard*, 650 F.2d 293, 316–22 (D.C. Cir. 1980). Defendant does not analyze the *Hubbard* factors, but instead asks to deny public access because his "motion references highly sensitive discovery that the public should not be privy to." Def.'s Mot. at 1. It is unclear to the court what "highly sensitive" material the motion contains, and Defendant's conclusory assertion will not do.

The *Hubbard* factors decidedly weigh against Defendant's unqualified sealing request. This is a criminal matter of substantial public interest, so the need for public access is great. *See Hubbard*, 650 F.2d at 317–18. That is particularly true here where the basis for the motion to dismiss is alleged government misconduct. Although the information in the motion has not previously been made public and no party objects to sealing, *see id.* at 318–20, those factors do not weigh heavily against disclosure when, as here, the need for public access is so strong. The

motion, except as noted below, contains no material that would implicate a person's privacy interests, *id.* at 320, and the prejudice that Defendant might suffer from public disclosure appears remote, *id.* at 321.  Finally, the purpose for which the motion was submitted—to dismiss an indictment—favors disclosure.  *Id.* at 321–22.  On balance then, the *Hubbard* factors clearly favor denying the motion to seal.

The only exception to this conclusion is certain information contained in Exhibit 1 to Defendant's motion.  Def.'s Mot., Ex. 1, ECF No. 379-3.  That Exhibit contains the names of individuals other than Defendant, including law enforcement officials; the birth dates of some of those individuals; and the name and address of Defendant's place of business.  That specific information implicates privacy interests and public safety concerns that outweigh the public's right of access.

Accordingly, the court grants in part and denies in part Defendant's motion to seal.  Defendant's motion filed at ECF No. 379 shall remain under seal; however, by September 7, 2021, Defendant shall refile the motion on the public record except for the private information identified above, which shall be redacted.

Dated:  September 3, 2021

                                            Amit P. Mehta
                                        United States District Court Judge