U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**UNITED STATES**  )  Case No.: 21cr-28-APM
)
**vs.**  )
)
**ROBERTO MINUTA**  )
)

## MOTION TO DISMISS OR EXCLUDE EVIDENCE

Roberto Minuta, by and through undersigned counsel, moves this Court pursuant to the U.S Constitution to dismiss this case against him for the government's violation of his 5th and 6th Amendment rights. In the alternative, counsel requests a pretrial evidentiary hearing and the exclusion of evidence tainted by the violation of Mr. Minuta's rights, like a *Kastigar* hearing, *see See United States v. Poindexter*, 951 F.2d 369 (D.C. Cir. 1991; *United States v. North*, 910 F.2d 843 (D.C. Cir.), *opinion withdrawn and superseded in part on reh'g,* 920 F.2d 940 (D.C. Cir. 1990); *Kastigar v. United States*, 406 U.S. 441, 92 S. Ct. 1653, 32 L. Ed. 2d 212 (1972).

In support of this motion, counsel states the following, based on information and belief:

    1.    Mr. Minuta owns and operates a tattoo parlor in New York. Even prior to his arrest on the complaint related to this case, the fact that he was a potential target of the investigation into January 6, 2021 and that his shop had then been vandalized because of the allegations, were reported widely in the print and streamed or televised media and known by the government. *See for example:* https://midhudsonnews.com/2021/03/01/newburgh-tattoo-parlor-targeted-vandalized/; https://www.timeshudsonvalley.com/stories/tattoo-parlor-owner-faces-charges-over-capitol-riot,24884; https://abcnews.go.com/US/authorities-arrest-oath-keeper-trump-adviser-roger-stone/story?id=76325480; https://www.cnn.com/2021/02/10/politics/oath-keeper-minuta-stone-invs/index.html; https://www.nytimes.com/interactive/2021/02/14/us/roger-stone-capitol-riot.html.

    2.    Mr. Minuta was arrested in March 2021 and appointed counsel from the federal public defender in New York and then undesigned counsel when he appeared in court in DC. He was released on personal recognizance and allowed to reside in Texas and travel to New York to conduct business, where he owns and operates a tattoo parlor.

3. Prior to July 17, 2021, an individual called his tattoo parlor and made an appointment for a group of individuals to get identical tattoos on July 17, 2021. Apparently the person making the appointment was a FBI special agent. Although the agent claims to have been off duty, this agent, who appears to work in the Washington Field Office, memorialized the encounter 5 days later in a FBI 302, after contacting supervisors at the Washington Field Office, presumably without having taken notes during the encounter. *See* Exhibit 1. The agent did question Mr. Minuta during the exchange. "The author asked one clarifying question, and that was if the felony charges were conspiracy charges, which MINUTA confirmed.

4. The Fifth Amendment to the United States Constitution provides: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

5. The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

6. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane,* 476 U.S. at 690, 106 S. Ct. 2142, 90 L. Ed. 2d 636 (quoting *California v. Trombetta*, 467 U.S. 479, 485, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984); citations omitted). *See also Chambers v Mississippi*, 410 US 284 (1973).

7. The Supreme Court has made clear once a defendant is represented by counsel and adversary proceedings have commenced, "he has a right to legal representation when the government interrogates him." *Brewer v. Williams*, 430 U.S. 387, 401 (1977). The burden should be on the government to prove that nothing said by Mr. Minuta during the "chance" encounter is being used to prosecute him. *See United States v. Poindexter*, 951 F.2d 369 (D.C. Cir. 1991; *United States v. North*, 910 F.2d 843 (D.C. Cir.), *opinion withdrawn and superseded in part on reh'g,* 920 F.2d 940 (D.C. Cir. 1990); *Kastigar v. United States*, 406 U.S. 441, 92 S. Ct. 1653, 32 L. Ed. 2d 212 (1972).

WHEREFORE Counsel and Mr. Minuta request dismissal of the Indictment or in the alternative for a *Kastigar* evidentiary hearing before trial.

Respectfully submitted.

*/s/ Jenifer Wicks*

_____
JENIFER WICKS
DC Bar 465476
Blind Justice Legal Services
PO Box 60585
Washington, DC 20039
Telephone 202-839-5102
Facsimile 202-478-0867
Email Jenifer@BlindJusticeDC.org